**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| MAYRA ROXANA LICONA VILLALOBO, | No. 21-1151 |
| Petitioner, | Agency No. A209-247-476 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2023
Pasadena, California

Before: WALLACE, W. FLETCHER, and R. NELSON, Circuit Judges.
Dissent by Judge W. FLETCHER.

Petitioner Mayra Roxana Licona Villalobo ("Licona"), a native and citizen

of Honduras, seeks review of the Board of Immigration Appeals's ("BIA")

decision denying her applications for asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

While Licona was a storeowner in Honduras, she experienced consistent beatings, sexual assaults, and death threats from gang members extorting her business. Though the Immigration Judge ("IJ") found her testimony credible, the BIA and IJ denied her applications for asylum, withholding of removal, and CAT. We review for substantial evidence factual findings that an applicant has not established eligibility for asylum, withholding of removal, or CAT relief. 8 U.S.C. § 1252(b)(4)(B); *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

The BIA's denial of Licona's claims for asylum and withholding of removal is supported by substantial evidence. The BIA found that Licona was not persecuted on account of a protected ground—a necessary element of both asylum and withholding claims. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The BIA found that economic gain, rather than a protected ground, motivated the gang members when Licona testified that they would have sexually assaulted both male and female business owners. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021).

The BIA's denial of CAT relief was also supported by substantial evidence.

The BIA concluded that Licona would not be likely to experience torture upon return because she could safely relocate in Honduras. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021). Additionally, the BIA found that she could relocate because she had been able to flee her predatory stepfather and she no longer owns a store. Although Licona asserted that she will be killed for defying the gangs, her objective evidence before the IJ demonstrated a merely generalized fear of violence and was not particular to her. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Further, Licona's predatory stepfather may have had more incentive to seek her out than local members of a gang who targeted her for payment years ago, so this evidence is relevant to her concerns.

**PETITION DENIED.**

*Licona*, No. 21-1151

W. Fletcher, J., dissenting.

I respectfully disagree with the panel's conclusion with respect to CAT relief.

The BIA concluded that Licona could safely relocate within Honduras because she had escaped her stepfather in 1994 by moving a few hours away and because her store no longer exists. Both of the BIA's reasons are supported by evidence in the record, but neither is responsive to Licona's testimony.

Licona credibly testified that gang members told her that they would kill her because she had refused to pay their extortion demands. She also testified that she would be unable to relocate to a safe place because the gangs were "spread all over." The country conditions evidence in the record supports her testimony.

Given that Licona's credible testimony is not contradicted by anything in the record, and given that the BIA has provided only irrelevant reasons to discount her testimony, I would grant the petition with respect to CAT relief.